UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| SAM B. R.,[1] <br><br> Plaintiff, <br><br> vs. <br><br> DR. KILOLO KIJAKAZI, Acting Commissioner of Social Security,[2] <br><br> Defendant. | CIV. 20-5036-JLV <br><br> REDACTED ORDER |

**INTRODUCTION**

Plaintiff Sam R. filed a complaint appealing the final decision of the Acting Commissioner of the Social Security Administration, finding him not disabled. (Docket 1). Defendant denies plaintiff is entitled to benefits. (Docket 11). The court issued a briefing schedule requiring the parties to file a joint statement of material facts ("JSMF"). (Docket 13). The parties filed their JSMF. (Docket 16). For the reasons stated below, plaintiff's motion to reverse the decision of the Acting Commissioner (Docket 21) is granted.

---

[1] The Administrative Office of the Judiciary suggested the court be more mindful of protecting from public access the private information in Social Security opinions and orders. For that reason, the Western Division of the District of South Dakota will use the first name and last initial of every non-governmental person mentioned in the opinion. This includes the names of non-governmental parties appearing in case captions.

[2] Dr. Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Fed. R. Civ. P. 25(d), Dr. Kijakazi is automatically substituted as the defendant in all pending social security cases. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## FACTUAL AND PROCEDURAL HISTORY

The parties' JSMF (Docket 13) is incorporated by reference.  Further recitation of salient facts is incorporated in the discussion section of this order.

On January 10, 2008, Mr. R. filed an application for supplemental social security income ("SSI") benefits under Title XVI, alleging an onset of disability date of January 1, 2008.  (Docket 16 ¶ 1).  On June 4, 2010, an administrative law judge ("ALJ") issued a decision finding Mr. R. disabled.  Id. ¶ 3.  On January 12, 2018, the Social Security Administration terminated Mr. R.'s SSI benefits, finding his health had improved and that he was "now able to work." Id. ¶ 4.  On June 19, 2018, Mr. R. requested a review of the decision and a hearing before an ALJ.  Id. ¶ 7.

On May 29, 2019, the ALJ held an administrative hearing in Rapid City, South Dakota, via video conference.  Id. ¶ 8.  On July 30, 2019, the ALJ issued a written decision finding Mr. R.'s disability ended on January 12, 2018, and that he had not become disabled again since that date.  Id. ¶ 9.  On August 6, 2019, Mr. R. appealed the ALJ's decision to the Appeals Council.  Id. ¶ 10.  On March 17, 2020, Mr. R. submitted additional evidence to the Appeals Council. Id. ¶ 11.  On April 20, 2020, the Appeals Council denied Mr. R.'s request for review and affirmed the ALJ's decision.  Id. ¶ 12.  The ALJ's decision constitutes the final decision of the Acting Commissioner of the Social Security Administration.  It is from this decision which Mr. R. timely appeals.

The issue before the court is whether the ALJ's decision of July 30, 2019, that Mr. R.'s "disability ended on January 12, 2018, and [he] has not become disabled again since that date," is supported by substantial evidence in the record as a whole.  (AR at p. 31) (bold omitted); see also Howard v. Massanari, 255 F.3d 577, 580 (8th Cir. 2001) ("By statute, the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.") (internal quotation marks and brackets omitted) (citing 42 U.S.C. § 405(g)).

## STANDARD OF REVIEW

The Commissioner's findings must be upheld if they are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g); Choate v. Barnhart, 457 F.3d 865, 869 (8th Cir. 2006); Howard, 255 F.3d at 580.  The court reviews the Commissioner's decision to determine if an error of law was committed.  Smith v. Sullivan, 982 F.2d 308, 311 (8th Cir. 1992).  "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion."  Cox v. Barnhart, 471 F.3d 902, 906 (8th Cir. 2006) (internal citation and quotation marks omitted).

The review of a decision to deny benefits is "more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision . . . [the court must also] take into account whatever in the record fairly detracts from that decision."  Reed v. Barnhart, 399 F.3d 917,

3

920 (8th Cir. 2005) (quoting Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001)).

It is not the role of the court to re-weigh the evidence and, even if this court would decide the case differently, it cannot reverse the Commissioner's decision if that decision is supported by good reason and is based on substantial evidence. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). A reviewing court may not reverse the Commissioner's decision " 'merely because substantial evidence would have supported an opposite decision.' " Reed, 399 F.3d at 920 (quoting Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995)). Issues of law are reviewed *de novo* with deference given to the Commissioner's construction of the Social Security Act. See Smith, 982 F.2d at 311.

A claimant has a continuing burden to demonstrate that he remains disabled and the court cannot draw any inference from the fact that benefits were previously granted. Nelson v. Sullivan, 946 F.2d 1314, 1315 (8th Cir. 1991). "Once the claimant meets this initial responsibility . . . the burden shifts to the Secretary to demonstrate that the claimant is not disabled." Id. (reference omitted). "If the Government wishes to cut off benefits due to an improvement in the claimant's medical condition, it must demonstrate that the conditions which previously rendered the claimant disabled have ameliorated, and that the improvement in the physical condition is related to claimant's ability to work." Id. (referencing 20 C.F.R. § 404.1594(b)(2)–(5)).

"Medical improvement is defined as a decrease in the medical severity of the impairments present at the time of the most recent favorable medical condition." Id. at 1315-16 (referencing 20 C.F.R. § 404.1594(b)(1)). "This 'medical improvement' standard requires the Commissioner to compare a claimant's current condition with the condition existing at the time [he] was found disabled and awarded benefits." Delph v. Astrue, 538 F.3d 940, 945 (8th Cir. 2008). Medical "[i]mprovement is measured from 'the most recent favorable decision' that the claimant was disabled." Id. at 946 (citing 20 C.F.R. § 416.994(b)(1)(i)). The favorable decision is commonly referred to as the "comparison point decision" or "CPD." (AR at p. 21). In Mr. R.'s case, the CPD was the June 4, 2010, decision awarding him benefits. (Docket 16 ¶ 3).

"The decision concerning whether . . . [a claimant's] condition has improved is primarily a factual inquiry, which so often depends upon the credibility to be given to the various witnesses, a responsibility particularly given to the trier of fact." Nelson, 946 F.2d at 1316 (reference omitted). "As a result, if substantial evidence supports the Secretary's position[,] then it must be upheld." Id.

## ISSUES IN THIS CASE

Mr. R. raises four issues in this appeal. Those are:

1. Did the ALJ fail to consider prior medical evidence in violation of Social Security regulations?

2. Did the ALJ err by finding there was medical improvement?

3. Assuming there was medical improvement, did the ALJ err in

5

>    finding that [Mr.] R.'s traumatic brain injury was a non-severe impairment?
>
> 4. Assuming there was medical improvement, did the ALJ properly reject [Mr.] R.'s credibility concerning his traumatic brain injury symptoms?

(Docket 21 at p. 1). The court will address the issues in the same progression presented by Mr. R.

1. DID THE ALJ FAIL TO CONSIDER PRIOR MEDICAL EVIDENCE IN VIOLATION OF SOCIAL SECURITY REGULATIONS?

Mr. R. argues that in making a determination "that medical improvement occurred as of January 12, 2018, the ALJ did not have the benefit of several key pieces of prior medical evidence that resulted in the CPD." Id. at p. 4. While the first ALJ's decision and an April 8, 2008, report of Dr. Swenson were part of the current administrative record, Mr. R. submits the missing records included:

> 1. Two reports of medical expert Robert Pelc, Ph.D.;
>
> 2. Dr. Pelc's testimony at the first hearing;
>
> 3. The report of medical expert Ronald Houston, Ph.D.;
>
> 4. The pre-2018 medical records;
>
> 5. The report of a state agency reviewing psychologist;
>
> 6. The testimony of the vocational expert regarding the physical and mental limitations imposed by Drs. Pelc and Houston; and
>
> 7. The testimony of Mr. R.

Id.

Mr. R. acknowledges the first ALJ made reference to the information, now missing from the administrative record, but that without the detailed "supporting medical evidence and testimony which formed the basis of the CPD, the ALJ's finding of medical improvement in this case was not 'determined by a comparison of prior and current medical evidence[.]' " Id. at p. 5 (citing 20 C.F.R. § 404.1594(c)(1); referencing Smith v. Commissioner of Social Security, CIVIL ACTION NO. 3:16CV-212, 2017 WL 2292795 (N.D. Miss. May 24, 2017)). Because of the absence of the records supporting the CPD, Mr. R. asks the court to reverse the decision of the ALJ and remand his case to the Acting Commissioner with instructions to locate the missing records.

The Acting Commissioner opposes plaintiff's argument.  (Docket 23). While the entire CPD file was not available, the Acting Commissioner contends the ALJ "did have the benefit of relevant parts of a reconstructed record in this case, because he had the CPD itself and the key pieces of medical evidence that formed the basis of the CPD[.]" Id. at p. 8 (referencing AR at pp. 85-86).  The "three pieces of evidence that were relevant to Plaintiff's RFC [residual functional capacity]" in the administrative record were:

1. The April 7, 2008, consultative evaluation by Dr. Greg Swenson;

2. The October 20, 2009, opinion of Dr. Ronald Houston, which the ALJ summarized in the 2019 decision; and

3. The January 16, 2010, opinion of Dr. Pelc and his February 23, 2010, testimony, which the ALJ summarized in the 2019 decision.

7

Id. at pp. 8-9. Because Dr. Houston's opinion "was described in its entirety in the CPD[,]" the Acting Commissioner argues "there were no examination findings missing from the CPD's discussion of Dr. Houston's opinion." Id. at p. 9. Because "Dr. Pelc's opinion and his testimony were described in detail in the CPD," the Acting Commissioner suggests "[t]here is nothing to indicate that critical or relevant statements from Dr. Pelc were missing from the CPD." Id.

In addition, the Acting Commissioner submits "the CPD described [Mr. R.'s] relevant testimony about being in special education classes and his inability to read, write, or get a driver's license . . . . [T]his testimony was most relevant to the RFC finding and there is no indication the CPD omitted relevant testimony." Id. at p. 10. Finally, because the administrative record does contain Mr. R.'s psychiatric exams from 2009-17, the Acting Commissioner argues these were the most significant records and were considered in the ALJ's "ultimate finding of no disability." Id.

In conclusion, the Acting Commissioner asserts "this is not a case where the prior medical file was completely missing or there was no reconstruction of the relevant record that formed the basis of the CPD. Instead, there was adequate reconstruction of the relevant parts of the record in this case." Id. (referencing 20 C.F.R. § 416.994(b)(2)(iv)(E)).

In reply, plaintiff argues the Acting Commissioner "does not cite any cases for their argument that only a few pieces of evidence plus the CPD is 'adequate reconstruction' of the CPD file and that such a reconstruction will legally support

8

a finding of medical improvement." (Docket 24 at p. 1). Mr. R. contends the "regulations require that all relevant parts of the prior record (the CPD file) be reconstructed and that if the reconstruction is not done, medical improvement cannot be found." Id. at p. 2 (referencing 20 C.F.R. § 404.1594 (c)(3)(iv)).

Plaintiff asserts a "Disability Determination Explanation" worksheet completed by agency personnel listed "several pieces of evidence which were in the CPD file but are not in the [current administrative] record." Id. at p. 5. Listed on that worksheet were:

1. Two work history forms completed by vocational expert William Tysdal on November 24, 2009 and October 14, 2009;

2. An Adult Third Party Function Report completed by Alberta R. dated April 22, 2008;

3. A Function Report completed by Sam R. on February 26, 2008;

4. A Job Corps profile dated March 23, 2010;

5. A Work History form completed by Jerry Gravatt dated February 15, 2010;

6. Records from Pine Ridge IHS received December 9, 2009;

7. Records from Pine Ridge IHS received June 9, 2008;

8. Records from Pine Ridge IHS dated February 25, 2008; and

9. Records from Pine Ridge Human Services dated November 11, 2006.

Id. (referencing AR at pp. 91-93). These missing records are in addition to the evidence identified in plaintiff's initial brief as referenced, but not included in the CPD. Id. at p. 6.

Reducing the opinions of Dr. Houston and Dr. Pelc and the testimony of Dr. Pelc in the CPD to "a couple of short paragraphs" and "two sentences" plaintiff argues does not "substitute" where the "regulations require that all relevant portions of the CPD file be reconstructed."  Id. at p. 7.  Also missing, the plaintiff points out are the Function Reports of Mr. R. and Alberta R.  Id.

Section 404.1594 provides in relevant part:

> If the prior file cannot be located, . . . . we will determine whether an attempt should be made to reconstruct those portions of the missing file that were relevant to our most recent favorable medical decision [CPD] (e.g., work history, medical evidence from treating sources and the results of consultative examinations).  This determination will consider the potential availability of old records in light of their age, whether the source of the evidence is still in operation; and whether reconstruction efforts will yield a complete record of the basis for the most recent favorable medical decision.  If relevant parts of the prior record are not reconstructed either because it is determined not to attempt reconstruction or because such efforts fail, medical improvement cannot be found.

20 C.F.R. § 404.1594(c)(3)(iv).

The Acting Commissioner acknowledges the 2019 ALJ did not try to locate the CPD file "because the case was 10 years old."  (Docket 23 at p. 8).  It is clear from the record the ALJ was not interested in the documents supporting the CPD, the 2010 ALJ decision.  See AR at pp. 55 & 57.

The court finds the ALJ failed to obtain the complete record supporting the CPD.  Without an effort, it is impossible to determine "whether reconstruction efforts will yield a complete record of the basis for the most recent favorable medical decision [CPD]."  20 C.F.R. § 404.1594(c)(3)(iv).  It was and remains the obligation of the ALJ to obtain all the records pertinent to a claimant's case.

Snead v. Barnhart, 360 F.3d 834, 838 (8th Cir. 2004) ("the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case.").

Because the ALJ did not consider the complete prior record, as required for a finding of medical improvement, the ALJ's decision is not supported by substantial evidence and is based on the application of an improper legal standard. Smith, 982 F.2d at 311. The ALJ's decision is reversed and the case remanded.

The Social Security Administration is directed to obtain the CPD complete file. If the complete CPD file cannot be located, an effort must be made to determine whether an attempt should be made to reconstruct those portions of the missing file that were relevant to the plaintiff's CPD. "The prior medical evidence is so vital to a finding of medical improvement that agency regulations preclude such a finding when the file upon which the claimant's most recent favorable determination of benefits was based cannot be found and is not reconstructed." Smith, 2017 WL 2292795, at *3. "[I]f for any reason the relevant parts are not reconstructed, medical improvement cannot be found and the plaintiff's benefits may not be terminated." Id.

Because the court is remanding the case, the court presumes the Social Security Administration will gather Mr. R.'s most recent traumatic brain injury records, including those associated with the cranioplasty, as well as give

11

consideration to Dr. Cherry's 2019 neuropsychological evaluation which was added to the record after the 2019 ALJ decision.

## ORDER

Based on the above analysis, it is

ORDERED that plaintiff's motion to reverse and remand the case for further proceedings (Docket 21) is granted.

IT IS FURTHER ORDERED that the Social Security Administration is directed to obtain the complete CPD file.  If the complete CPD file cannot be located, an effort must be made to determine whether an attempt should be made to reconstruct those portions of the missing file that are relevant to the plaintiff's CPD.

IT IS FURTHER ORDERED that if for any reason the relevant parts are not reconstructed, medical improvement cannot be found and Mr. R.'s benefits may not be terminated.

IT IS FURTHER ORDERED that defendant's motion for an order affirming the decision of the Commissioner (Docket 22) is denied.

Dated September 23, 2021.

                BY THE COURT:

                /s/ *Jeffrey L. Viken*
                JEFFREY L. VIKEN
                UNITED STATES DISTRICT JUDGE